**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**SEALED APPELLANT 1,**
**Defendant–Appellant.**

No. 04–41079.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 16, 2005.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JOLLY, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

The plea agreement in this case did not bar the instant appeal because of representations made in open court that were inconsistent with the written agreement. Consequently, we will review the *Booker* error that was preserved at sentencing.

It is evident that the sentence, which was imposed under a mandatory guidelines regime, constituted a Sixth Amendment violation under the teachings of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Sealed Appellant 1 preserved this error in the district court, the question before us is whether the error was harmless beyond a reasonable doubt. *See United States v. Pineiro,* 410 F.3d 282, 284 (5th Cir.2005). We hold that the error was harmless beyond a reasonable doubt because even if the error were cured, the sentence would be the same. We say this because the district court made this point explicitly clear when it said:

> The court will also note that in the event that a higher court rules that the Sentencing Guidelines, as some courts out west have ruled, are completely invalid, that in that case, the court would impose the same sentence basically for the reasons set out since the statutory provisions are up to 20 years, and this is within that amount. Based on the amount of drugs involved, based upon the criminal history, based upon his role in the conspiracy, the court would find

that, in its discretion, the same sentence of 86 months would be appropriate.

Based on the above statement, we find the error harmless beyond a reasonable doubt. Accordingly, the sentence is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.